UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| WALTER LEON TRENT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:17-CV-148-RLJ-MCLC |
| CHAD GILLEMWATER, HAWKINS COUNTY SHERIFF'S OFFICE, DAVID BENTON, JEFF HILTON, LYNN CAMPBELL, SCOTT STEWART, DAVID BYINGTON, TONY ALLEN, STEPHEN ARMSTRONG, RONNIE LAWSON, and HAWKINS COUNTY TENNESSEE, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Federal prisoner Walter Leon Trent ("Plaintiff") brings this pro se civil rights complaint for damages under 28 U.S.C. §§ 1983 and 1988, alleging that he was subjected to wrongful treatment during a 2013 search of his home, illegally arrested, and then maliciously prosecuted—all in violation of rights secured to him by the First, Fourth, Fifth, Eighth and Fourteenth Amendments [Doc. 1]. Plaintiff also alleges several state law claims [*Id.* p.7, ¶ 34]. Defendants are various law enforcement officials in Hawkins County, Tennessee, along with the Hawkins County Sheriff's Department and Hawkins County itself.

For the reasons set forth below, the Court will grant Plaintiff's pending *in forma pauperis* motion [Doc. 3] and will dismiss this case sua sponte.

**I.      FILING FEE**

The financial data supplied in Plaintiff's affidavit attached to his motion reflects that he presently has a balance of $200.15 in his inmate trust fund account and that his average balance

for the last six months is $324.42 [Doc. 31]. Accordingly, because Plaintiff lacks sufficient funds to pay the full filing fee all at once, his motion to proceed *in forma pauperis* is **GRANTED** [Doc. 3]. Because Plaintiff is a federal prisoner confined in Elkton, Indiana, he is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1915(b)(1) (providing that "if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee").

The custodian of Plaintiff's inmate trust account at that facility is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37601, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits or the average monthly balance in the account for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to the account), but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the custodian of inmate accounts at the Elkton Federal Correctional Institution to ensure compliance with these fee-collection procedures. The Clerk also is **DIRECTED** to forward a copy of the Order to the Court's financial deputy.

## II.     SCREENING STANDARDS

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* must dismiss any claims that are frivolous or malicious, that fail to state a claim for relief, or that are alleged against a defendant who enjoys immunity. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal

standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery, however, are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim unsupported by facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### III. PLAINTIFF'S ALLEGATIONS

In his pleading, Plaintiff maintains that on April 25, 2013, Hawkins County law enforcement Defendants searched his residence, pushed him into a table, shoved him into a chair, questioned him, handcuffed him, arrested him without any grounds, and charged him with drug-

and firearm-related offenses without probable cause [Doc. 1 at 3-4, ¶¶ 11-22]. The trial on those offenses was rescheduled eight times, and, ultimately, the charges were dismissed on October 1, 2014 [*Id.* at 4 ¶ 21 and at 14 ¶13]. Plaintiff asserts that, because of the described conduct, he experienced physical and reputational injuries, humiliation, imprisonment, emotional distress, pain, and suffering and that he incurred certain expenses, including legal fees he had to pay in order to defend against those charges [*Id.* ¶¶22-23, 43]. Plaintiff seeks $200,000 in compensatory damages and $29,000,000 in punitive damages for the alleged violations of his rights [*Id.* p.9].

IV.   LAW & ANALYSIS

Several problems with this lawsuit are fatal to its advancement.

First, Plaintiff complains about conduct that occurred on April 25, 2013. For the purposes of 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of claims. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-80 (2004). The one-year statute of limitations period contained in Tennessee Code Annotated § 28-3-104(a) applies to civil rights claims arising in Tennessee. *See Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986); *see also Porter v. Brown*, 289 F. App'x. 114, 116 (6th Cir. 2008) ("[O]ur precedent has long made clear that the limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)."). Ordinarily, the statute begins to run when a plaintiff knows or has reason to know of the injury upon which his action is based. *See Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 636 (6th Cir. 2007); *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Plaintiff would have known of any injury he incurred from the violation of his constitutional rights by April 25, 2013—the date of the search and arrest, or at the latest by October

1, 2014, when the state charges were dismissed. This means that Plaintiff would have had one year from the latest of those dates, i.e., October 1, 2015, to file this instant § 1983 action. Under the prison mailbox rule in *Houston v. Lack*, 478 U.S. 266, 276 (1988) (deeming an inmate's submission to be filed on the date it is properly delivered to prison officials for mailing to the district court), Plaintiff filed this case on August 14, 2017 [Doc. 1-2], nearly two years after the statute lapsed.

Therefore, the applicable statute of limitations bars Plaintiff's claims, and they are subject to dismissal for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that "[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). Furthermore, claims that are time-barred under the relevant statute of limitations are frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Second, this is not the first time Plaintiff has offered for disposition in this district the allegations contained in the instant complaint. Plaintiff filed a prior lawsuit involving essentially the same contentions with respect to the April 25, 2013 search, albeit seeking only the return of property seized in connection with that search. *Trent v. State of Tennessee*, No. 2:16-CV-371 (E.D. Tenn. July 25, 2017). In the screening order in the prior case, the court observed that Plaintiff has "filed multiple cases in this district, each alleging the same facts." *Id.* [Doc. 10 at 1]. The prior case was dismissed for failure to state a claim and is now on appeal to the Sixth Circuit. *Id.* [Doc. 11 and Docket Entry of January 11, 2018].

One circuit court has held that "[a] complaint that rehashes previously litigated issues may be dismissed as frivolous or malicious." *Griffin v. Zavaras,* 336 F. App'x 846, 849 (10th Cir. 2009); *see also Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984) (observing that "courts are not

required to entertain redundant lawsuits"). The Court concludes that the issues raised in the present complaint are re-packaged from Plaintiff's prior case and, thus, are redundant to the litigated claims in the prior case.

In addition, Plaintiff also has filed another civil rights action in which he likewise presents allegations involving the seizure of his property following the April 25, 2013 search. *Trent v. Spiker*, No. 2:16-CV-155 (E.D. Tenn. filed Sept. 11, 2017). That case remains pending.

Faced with a duplicative suit, such as the present one, a federal court may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit. *See Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). Dismissal is the appropriate course of action in this case.

Accordingly, this action, alternatively, will be dismissed as redundant and duplicative and, thus, frivolous. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal courts do, however, retain broad powers to prevent duplicative or unnecessary litigation.").

## V. CONCLUSION

Based on the above discussion, the Court will dismiss this lawsuit for failure to state a claim and as frivolous. This dismissal will count as a strike under the three-dismissal rule in 28 U.S.C. § 1915(g). Furthermore, the Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and will **CERTIFY** that any appeal from this action would not be taken in good faith.

Finally, because the federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will **DISMISS** them without prejudice. 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge